**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **TIERRA ALEXANDER,** | ) |
| | ) |
| **Plaintiff,** | ) Case No.: |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| **MEDICREDIT, INC,** | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| **Defendant.** | ) |
| | ) |

TIERRA ALEXANDER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq*. ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's regularly conducts business in the State of Ohio, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cleveland, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with its principal address located at 3 City Place Drive, Suite 6900, St. Louis, MO 63141.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all times material hereto, Defendant contacted Plaintiff in its attempts to collect a consumer debt allegedly owed for a medical bill.

14. The debt arose out of transactions that were for personal, family or household purposes.

15. By way of background, Defendant was seeking to collect a debt related to emergency medical services provided to Plaintiff's daughter immediately after she was born and prior to her having her own insurance card.

16. Plaintiff had provided her insurance information to the hospital and indicated that

she had not yet received her daughter's insurance card.

17. However, beginning in December 2014 and continuing through November 2015, Defendant placed repeated harassing calls to Plaintiff's cellular telephone.

18. Plaintiff did not understand why she owed a debt, but told Defendant that she could not pay the debt anyway because she was not working and demanded that all calls cease.

19. She further advised them that she would call them when she was able to make payment.

20. However, Defendant ignored Plaintiff's request and continued to call her.

21. Once Defendant was aware that its calls were unwanted continued calls could only be for the purpose of harassment.

22. Further, upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or prerecorded messages.

23. At the outset of each call an automated voice stated "please hold."

24. Defendant's calls were not placed for emergency purposes.

25. Defendant's actions, as described herein, were taken with the intent to harass, deceive and coerce payment from Plaintiff for a debt she does not owe.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

27. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or

harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff, including after Plaintiff told Defendant to stop calling and in spite of the fact she told them that she would call them once she was working and could pay the debt.

## COUNT II
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

29. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant violated § 1692f when it called her repeatedly including after it was told to stop calling.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

31. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

32. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

33. Despite the fact that Plaintiff revoked consent for Defendant to placecalls to her Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

34. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

35. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, TIERRA ALEXANDER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TIERRA ALEXANDER, demands a jury trial in this case.

Respectfully submitted,

Dated: December 24, 2015  /s/ Amy Bennecoff Ginsburg
Amy Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com